1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

MARK B. HARRIS,

11                                          Plainitff,

12                  v.

13        HENRY RICHARDS,

14                                          Defendant.

15

16

Case No.  C06-5074RBL

REPORT AND
RECOMMENDATION

Noted for May 26, 2006

17

18          This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. §

19     636(b)(1) and Local MJR 3 and 4.  Plaintiff is a resident at the Washington State Department of Social and

20     Health Services' ("DSHS") Special Commitment Center ("SCC").  This matter is before the Court on

21     plaintiff's failure to comply with the Court's two orders to file an amended complaint or show cause why

22     this matter should not be dismissed. (Dkt. #6 and #8).  After a review of the record, the undersigned

23     submits the following report and recommendation, recommending the Court dismiss this action for failure

24     to comply with the Court's orders.

25                                          DISCUSSION

26          On February 23, 2006, the undersigned ordered plaintiff to file an amended complaint by no later

27     than March 24, 2006, informing him that he was attempting to improperly litigate this matter as a class

28     action, and that he had failed to indicate that he personally had suffered any injury. (Dkt. #6).  The

1  undersigned directed plaintiff to limit the action only to himself in the amended complaint.  Rather than file

2  an amended complaint, however, on March 3, 2006, plaintiff filed an "answer" to the undersigned's order,

3  providing certain information regarding a medical claim he had with the State of Washington, and stating

4  that he does his own service, but needed signed summons to do so. (Dkt. #7).

5       On April 10, 2006, the undersigned issued an order finding plaintiff's response to be- entirely

6  inadequate. (Dkt. #8).  As clearly noted in the undersigned's prior order, plaintiff was required to file an

7  amended complaint.  However, plaintiff's "answer" did not suffice as such.  In addition, the undersigned

8  noted that while it may be he was willing to effect his own service, the fact remains the undersigned found

9  his complaint to be inadequate and would dismiss it on that basis unless he agreed to amend it.

10       To that end, the undersigned granted plaintiff one more chance to file an amended complaint by no

11  later than May 10, 2006, that complied with the undersigned's prior order to do so.  In response, plaintiff

12  has filed an "Appeal to Judge Order Dkt #8", basically restating his medical conditions, arguing that those

13  conditions give him standing.  It is not clear if by labeling this document an "appeal", he has intended it to

14  be a motion to reconsider the undersigned's second order to show cause, to be objections for the presiding

15  district judge in this case, or to be his response to the undersigned's second order to show cause.

16       Because plaintiff has not clearly and expressly stated his intention to have his "Appeal" be treated

17  as an appeal of this matter to the presiding judge in this case, the undersigned will treat it as his response to

18  the second order to show cause.  That response, however, is not an amended complaint, and thus once

19  again is wholly insufficient.

20  <u>CONCLUSION</u>

21       Because plaintiff has failed to respond to the undersigned's two orders directing him to file an

22  amended complaint, and because his original complaint remains deficient for the reasons set forth in those

23  orders, the Court should dismiss this case with prejudice.

24       Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b),

25  the parties shall have ten (10) days from service of this Report and Recommendation to file written

26  objections thereto. <u>See also</u> Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those

27  objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit

28  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **May 26,**

1   **2006**, as noted in the caption.

2        DATED this 2nd day of May, 2006.

3

4

5

6        Karen L. Strombom
         United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPORT AND RECOMMENDATION
Page - 3